# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| STEVEN BASIC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 17-1103-EFM-KGG |
| | ) |
| BOEING CORPORATION, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM & ORDER ON
## MOTION TO PROCEED WITHOUT PREPAYMENT OF FEES,
## MOTION FOR APPOINTMENT OF COUNSEL, AND
## REPORT & RECOMMENDATION FOR DISMISSAL

In conjunction with his federal court Complaint, Plaintiff Steven Basic has filed a Motion to Proceed Without Prepayment of Fees (*IFP* Application, Doc. 2, sealed) with accompanying Affidavits of Financial Status (Doc. 2-1, sealed).[1] Plaintiff has also filed a Motion for Appointment of Counsel. (Doc. 3.) Having reviewed Plaintiff's motions, as well as his financial affidavit and Complaint, the Court **GRANTS** Plaintiff's motion for *IFP* status (Doc. 2), **DENIES** his request for counsel (Doc. 3), and **recommends** that Plaintiff's claims be dismissed for

---

[1] The Court notes that the Complaint also names Christopher Basic and Adrienna Basic as Plaintiffs in this case. (*See* Doc. 1.) As the Clerk has noted, however, neither of these individuals have signed the Complaint. (*See* 5/1//17 text entry.) As such, they are not properly included as parties in this lawsuit.

failure to state a viable federal cause of action.

**I.      Motion to Proceed Without Prepayment of Fees.**

Under 28 U.S.C. § 1915(a), a federal court may authorize commencement of an action without prepayment of fees, costs, etc., by a person who lacks financial means. 28 U.S.C. § 1915(a). In so doing, the court considers the affidavit of financial status included with the application. *See id.*

There is a liberal policy toward permitting proceedings *in forma pauperis* when necessary to ensure that the courts are available to all citizens, not just those who can afford to pay. *See generally,* **Yellen v. Cooper**, 828 F.2d 1471 (10th Cir. 1987). In construing the application and affidavit, courts generally seek to compare an applicant's monthly expenses to monthly income. *See* **Patillo v. N. Am. Van Lines, Inc**., No. 02-2162, 2002 WL 1162684, at *1 (D.Kan. Apr. 15, 2002); **Webb v. Cessna Aircraft**, No. 00-2229, 2000 WL 1025575, at *1 (D.Kan. July 17, 2000) (denying motion because "Plaintiff is employed, with monthly income exceeding her monthly expenses by approximately $600.00").

In his supporting financial affidavit, Plaintiff indicates he is 82 years old and married. He lists two dependents, but indicates their ages are 20 years old and 22 years old. (Doc. 2-1, sealed, at 2.) Because these individuals are legal adults, they cannot be considered dependents for purposes of this motion.

Plaintiff is currently unemployed and lists the Defendant as his former employer, from 1995 to 2004. (*Id.*, sealed, at 2-3.) He lists current income from Social Security as well as a modest amount from the "pensions, trust funds, annuities or life insurance payment" category. (*Id.*, at 4-5.) He owns his home. (*Id.*, at 3.) Although he lists no rent or mortgage payment (*id.*, at 5), he indicates that the home is not paid off (*id.*, at 3). He also owns a modest automobile outright. (*Id.*, at 4.) He enumerates certain other monthly expenses, including utilities, cable, insurance, and an unusually large grocery expense. (*Id.*, at 5.) He also has significant consumer debt. (*Id.*) He lists a small amount of cash on hand. (*Id.*, at 4.) He has not filed for bankruptcy. (*Id.*, at 6.)

Considering all of the information contained in the financial affidavit, the Court finds that Plaintiff has established that his access to the Court would be significantly limited absent the ability to file this action without payment of fees and costs. The Court **GRANTS** Plaintiff leave to proceed *in forma pauperis* directs that the cases be filed without payment of a filing fee.

## II. Request for Counsel.

Plaintiff has also filed a motion requesting the appointment of counsel. (Doc. 3.) The Tenth Circuit has identified four factors to be considered when a court is deciding whether to appoint counsel for an individual: (1) plaintiff's

ability to afford counsel, (2) plaintiff's diligence in searching for counsel, (3) the merits of plaintiff's case, and (4) plaintiff's capacity to prepare and present the case without the aid of counsel.  *McCarthy v. Weinberg*, 753 F.2d 836, 838-39 (10th Cir. 1985) (listing factors applicable to applications under the IFP statute); *Castner v. Colorado Springs Cablevision*, 979 F.2d 1417, 1421 (10th Cir. 1992) (listing factors applicable to applications under Title VII).  Thoughtful and prudent use of the appointment power is necessary so that willing counsel may be located without the need to make coercive appointments.  The indiscriminate appointment of volunteer counsel to undeserving claims will waste a precious resource and may discourage attorneys from donating their time. *Castner,* 979 F.2d at 1421.

As discussed above, Plaintiff's financial situation would make it impossible for him to afford counsel.  The second *Castner* factor is Plaintiff's diligence in searching for counsel.  The form motion used by Plaintiff clearly indicates that he was to "<u>confer with</u> (not merely contact)" at least five attorneys regarding legal representation prior to filing the motion.  (Doc. 3 (emphasis in original).)  The form provides space for the name, address, date(s) of contact, method of contact, and response received for six attorneys.  Plaintiff has written letters or called and left messages for three attorneys, one of whom was the general counsel for Boeing, who obviously would not be able to represent Plaintiff.  (*Id*., at 2-3.)  Regardless, it

4

appears from the motion that Plaintiff has not actually spoken with, or heard back from, any of these attorneys. (*Id.*) He also lists the Director of the SPEAA, which is a union of aerospace workers. Suffice it to say, Plaintiff's efforts do not meet the requirement of communicating with at least five attorneys, which is clearly stated on the form motion.

Often in situations such as this, the Court will require a movant to confer with, and provide the required information regarding, the requisite number of attorneys before the Court will consider the application. The Court finds in this instance, however, that the motion can be resolved on other factors. As such, requiring Plaintiff to complete this task would not be useful.

One of the two remaining ***Castner*** factors is Plaintiff's capacity to prepare and present the case without the aid of counsel. 979 F.2d at 1420-21. In considering this factor, the Court must look to the complexity of the legal issues and Plaintiff's ability to gather and present crucial facts. *Id.*, at 1422. Given the meandering narrative of Plaintiff's *pro se* Complaint, the Court cannot determine with certainty whether the factual and legal issues in this case are unusually complex. *Cf.* ***Kayhill v. Unified Govern. of Wyandotte***, 197 F.R.D. 454, 458 (D.Kan. 2000) (finding that the "factual and legal issues" in a case involving a former employee's allegations of race, religion, sex, national origin, and disability

discrimination were "not complex").

As such, the Court cannot determine whether Plaintiff should be distinguished from the many other untrained individuals who represent themselves *pro se* on various types of claims in Courts throughout the United States on any given day. Although he is not trained as an attorney, and while an attorney might present this case more effectively, this fact alone does not warrant appointment of counsel.

The Court's analysis will, therefore, turn on the final *Castner* factor – the merits of Plaintiff's case. *See McCarthy*, 753 F.2d at 838-39 (10th Cir. 1985); *Castner*, 979 F.2d at 1421. For the reasons set forth in Section III, *infra*, the Court finds that Plaintiff's claims are not viable. This factor thus weighs against the appointment of counsel and Plaintiff's Motion to Appoint Counsel (Doc. 4) is **DENIED**.

**III. Sufficiency of Complaint and Recommendation for Dismissal.**

Pursuant to 28 U.S.C. §1915(e)(2), a court "shall dismiss" an *in forma pauperis* case "at any time if the court determines that . . . the action or appeal – (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from

such relief." "When a plaintiff is proceeding *in forma pauperis*, a court has a duty to review the complaint to ensure a proper balance between these competing interests." **Mitchell v. Deseret Health Care Facility**, No. 13-1360-RDR-KGG, 2013 WL 5797609, at *1 (D. Kan. Sept. 30, 2013). The purpose of § 1915(e) is "the prevention of abusive or capricious litigation." **Harris v. Campbell**, 804 F.Supp. 153, 155 (D.Kan. 1992) (internal citation omitted) (discussing similar language contained in § 1915(d), prior to the 1996 amendment). *Sua sponte* dismissal under § 1915 is proper when the complaint clearly appears frivolous or malicious on its face. **Hall v. Bellmon**, 935 F.2d 1106, 1108 (10th Cir. 1991).

In determining whether dismissal is appropriate under § 1915(e)(2)(B), a plaintiff's complaint will be analyzed by the Court under the same sufficiency standard as a Rule 12(b)(6) Motion to Dismiss. *See* **Kay v. Bemis**, 500 F.3d 1214, 1217-18 (10th Cir. 2007). In making this analysis, the Court will accept as true all well-pleaded facts and will draw all reasonable inferences from those facts in favor of the plaintiff. *See* **Moore v. Guthrie**, 438 F.3d 1036, 1039 (10th Cir.2006). The Court will also liberally construe the pleadings of a *pro se* plaintiff. *See* **Jackson v. Integra Inc.**, 952 F.2d 1260, 1261 (10th Cir.1991).

This does not mean, however, that the Court must become an advocate for the *pro se* plaintiff. **Hall**, 935 F.2d at 1110; *see also* **Haines v. Kerner**, 404 U.S.

519, 92 S.Ct. 594 (1972). Liberally construing a *pro se* plaintiff's complaint means that "if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." ***Hall***, 935 F.2d at 1110.

A complaint "must set forth the grounds of plaintiff's entitlement to relief through more than labels, conclusions and a formulaic recitation of the elements of a cause of action." ***Fisher v. Lynch***, 531 F. Supp.2d 1253, 1260 (D. Kan. Jan. 22, 2008) (citing ***Bell Atlantic Corp. v. Twombly***, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929 (2007), and ***Hall v. Bellmon***, 935 F.2d 1106, 1110 (10th Cir.1991) (holding that a plaintiff need not precisely state each element, but must plead minimal factual allegations on those material elements that must be proved)). "In other words, plaintiff must allege sufficient facts to state a claim which is plausible – rather than merely conceivable – on its face." ***Fisher***, 531 F. Supp.2d at 1260 (citing ***Bell Atlantic Corp. v. Twombly***, 127 S.Ct. at 1974). Factual allegations in the complaint must be enough to raise a right to relief "above the speculative level." ***Kay v. Bemis***, 500 F.3d at 1218 (citing ***Bell Atlantic Corp. v. Twombly***, 127 S.Ct. At 1965).

While a complaint generally need not plead detailed facts, Fed.R.Civ.P. 8(a), it must give the defendant sufficient notice of the claims asserted by the plaintiff so that they can provide an appropriate answer. *Monroe v. Owens*, Nos. 01-1186, 01-1189, 01-1207, 2002 WL 437964 (10th Cir. Mar. 21, 2002). Rule 8(a) requires three minimal pieces of information in order to provide such notice to the defendant: (1) the pleading should contain a short and plain statement of the claim showing the pleader is entitled to relief; (2) a short and plain statement of the grounds upon which the court's jurisdiction depends; and (3) the relief requested. Fed.R.Civ.P. 8(a). After reviewing Plaintiff's Complaint and construing the allegations liberally, if the Court finds that he has failed to state a claim upon which relief may be granted, the Court is compelled to recommend that the action be dismissed.

The Court is unable to glean any viable cause of action arising out of the allegations stated by Plaintiff. While Plaintiff seems to be alleging employment discrimination based on disability, the Court cannot discern all of the claims he is intending to bring against Defendant or how such claims would be viable in federal Court. For instance, many of the events at issue appear to have occurred more than a decade ago and Plaintiff indicates that his employment was terminated approximately 13 years ago. (*See e.g.*, Doc. 1, at 10, 11, 21, 27-28, 30, 34.) As

such, Plaintiff's claims appear to be barred by the relevant statute of limitations. Further, Plaintiff indicates that he filed administrative charges relating to his claims for employment discrimination, but fails to state when he did so or whether he received a right to sue letter. (*Id*., at 8.) Plaintiff's employment discrimination claims are not viable without proof that his claims were part of a timely-filed administrative charge of discrimination. *Annett v. University of Kansas*, 371 F.3d 1233, 1238 (Tenth Cir. 2004). This Court, therefore, **recommends to the District Court the dismissal of Plaintiff's claims** pursuant to 28 U.S.C. §1915(e)(2).

 

**IT IS THEREFORE ORDERED** that Plaintiff's motion for *IFP* status (Doc. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's request for counsel (Doc. 3) is **DENIED**.

**IT IS RECOMMENDED** to the District Court that Plaintiff's Complaint be **DISMISSED** for the failure to state a claim on which relief may be granted. The Clerk's office shall not proceed to issue summons in this case at the present time.

**IT IS THEREFORE ORDERED** that a copy of the recommendation shall be sent to Plaintiff *via* certified mail. Pursuant to 28 U.S.C. §636(b)(1),

Fed.R.Civ.P. 72, and D.Kan. Rule 72.1.4, Plaintiff shall have **fourteen (14) days** after service of a copy of these proposed findings and recommendations to serve and file with the U.S. District Judge assigned to the case, his written objections to the findings of fact, conclusions of law, or recommendations of the undersigned Magistrate Judge. Plaintiff's failure to file such written, specific objections within the 14-day period will bar appellate review of the proposed findings of fact, conclusions of law, and the recommended disposition.

**IT IS SO ORDERED AND RECOMMENDED**.

Dated at Wichita, Kansas, on this 12th day of May, 2017.

 S/ KENNETH G. GALE
KENNETH G. GALE
United States Magistrate Judge