# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

STEVEN BASIC,

    *Plaintiff,*

vs.

    Case No. 17-1103-EFM-KGG

BOEING CORPORATION,

    *Defendant.*

## MEMORANDUM AND ORDER

Plaintiff Steven Basic, acting pro se, brings this action against Defendant Boeing Corporation alleging various claims arising from the termination of his employment from Boeing in 2004. This matter comes before the Court on Basic's objection (Doc. 8) to the Report and Recommendation of Magistrate Judge Kenneth G. Gale (Doc. 5). Magistrate Judge Gale recommends that Basic's Complaint be dismissed with prejudice for failure to state a claim. For the reasons stated below, the Court overrules Basic's objection, adopts the Report and Recommendation, and dismisses the case for failure to state a claim.

### I.     Legal Standards

Upon objection to a magistrate judge's order on a dispositive matter, the district court "must determine de novo any part of the magistrate judge's disposition that has been properly

objected to."[1] Objections are proper only if they are both timely and specific.[2] An objection is timely if made within fourteen days after the magistrate judge issues a recommendation.[3] An objection is sufficiently specific if it "enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute."[4] If objections are not timely or properly made, the Court has broad discretion to review the recommendation under any standard that it finds appropriate.[5] In conducting its review, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."[6]

Because Plaintiff appears pro se in this case, the Court must liberally construe his pleadings.[7] However, liberal construction "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based."[8] Additionally, Plaintiff's status as a pro se litigant does not excuse the pursuit of repetitive litigation.[9]

## II. Analysis

This action arises from Boeing's termination of Basic's employment in 2004. He alleges that Boeing discriminated against him because of his disability, age, religion, and

---

[1] Fed. R. Civ. P. 72(b)(3).

[2] *United States v. One Parcel of Real Property Known as 2121 East 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996).

[3] *Id.*

[4] *See id.* (quoting *Thomas v. Arn*, 474 U.S. 140, 147 (1985)).

[5] *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991).

[6] *Id.*

[7] *McWilliams v. Colorado*, 121 F.3d 573, 574 (10th Cir. 1997).

[8] *Id.*

[9] *Id.*

national origin. He also apparently seeks some sort of compensation for a heart-attack and stroke that he suffered while working for Boeing prior to his termination. Finally, he alleges that Boeing blacklisted him and prevented him from gaining employment from 2005 through 2015.

Magistrate Judge Gale determined that, to the extent any causes of action could be discerned from Basic's pleadings, they would be barred by the relevant statute of limitations. Furthermore, Magistrate Judge Gale noted that Basic failed to allege that he obtained a right to sue letter from the EEOC, and as such, his claims are not viable.[10]

In his objection, Basic states that he is not seeking to recover for injuries suffered before 2004. And so he does not object to Magistrate Judge Gale's determination that those claims are barred by both the statute of limitations and the failure to take the proper administrative steps. Accordingly, the Court adopts the Report and Recommendation and dismisses Basic's claims related to employment discrimination and health issues that allegedly occurred while he was employed by Boeing. Basic's 13 year-old claims are barred by relevant statutes of limitation and were not preceded by proper administrative steps.

But in his objections, Basic asserts that Boeing blacklisted him from gaining employment from 2004 until 2015. Presumably, then, he is arguing that the alleged injury occurred as recently as 2015. Construed liberally, this could be an equitable tolling argument. Generally, equitable tolling may be appropriate when the defendant has actively misled the plaintiff with regard to the cause of action or some extraordinary occurrence has prevented the plaintiff from asserting his rights.[11] The doctrine is to be used sparingly.[12] Here, Basic alleges that he was

---

[10] *Perrigo v. Unified Sch. Dist. No. 500*, 2014 WL 1767184, at *2 (D. Kan. 2014) ("Both Title VII and the ADA require that a plaintiff obtain a right to sue letter from the EEOC prior to filing suit.").

[11] *Tommey v. Comput. Sci. Corp.*, 2014 WL 61834, at *2 (D. Kan. 2014).

blacklisted, but does not assert that Boeing misled him or prevented him from finding out about it. Nor does it appear from Basic's filings that he was unaware of the alleged blacklisting. Instead, it seems that he knew he was blacklisted in 2005, or shortly thereafter.

In the end, even if Basic was blacklisted, that event occurred in 2005, and Basic makes no showing as to why the statute of limitations does not bar his claim arising from an event that occurred 12 years ago. Furthermore, he does not provide evidence of a right to sue letter from the EEOC regarding his claim related to the alleged blacklisting. And so the Court also accepts the Report and Recommendation with regard to Basic's allegation of blacklisting, and dismisses it as well.

For the reasons stated above, the Court finds itself in complete agreement with the conclusion reached in the Report and Recommendation. Basic's 13 year-old claims are barred by the relevant statutes of limitations. Furthermore, he has not demonstrated that he received a right to sue letter regarding any of his claims.

---

[12] *Wallace v. Kato*, 549 U.S. 384, 396 (2007).

**IT IS THEREFORE ORDERED** that the Report and Recommendation (Doc. 5) is **ADOPTED**, and this case is therefore **DISMISSED** for failure to state a claim.

**IT IS SO ORDERED**.

Dated this 26th day of May, 2017.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE