IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

STEVEN BASIC,

    *Plaintiff,*

vs.

BOEING CORPORATION,

    *Defendant.*

Case No. 17-1103-EFM-KGG

**MEMORANDUM AND ORDER**

    Plaintiff Steven Basic, acting pro se, brought this action against Defendant Boeing Corporation alleging various claims arising from the termination of his employment from Boeing in 2004. Magistrate Judge Kenneth G. Gale recommended that the Court dismiss Basic's claim for failure to state a claim (Doc. 5). The Court adopted that recommendation, and the case was dismissed on May 26, 2017 (Doc. 9). Nevertheless, Basic has since filed another document in which he seeks the production of materials relating to the case that the Court has already dismissed.

    Because the Court has issued an order dismissing Basic's case, the Court will construe his subsequent filing as a motion to reconsider that order. Rule 59(e) permits a party to request reconsideration and alteration of a final judgment.[1] The Court will reconsider and alter an earlier

---

[1] Fed. R. Civ. P. 59(e).

judgment if the movant presents evidence of (1) an intervening change in the controlling law, (2) newly discovered evidence, or (3) the need to correct clear error in the earlier judgment.[2] Rule 59(e) is not, however, an appropriate vehicle for revisiting issues already considered or arguing matters that were not raised in prior briefs.[3]

Basic alleges no changes in controlling law, newly discovered evidence, or the need to correct clear error in the Court's earlier judgment. Rather, it appears Basic is under the impression that his case against Boeing is still pending. It is not. The case has been dismissed. And Basic has not demonstrated a need for the Court to amend or alter its judgment in this case.

**IT IS THEREFORE ORDERED** that Basic's Motion to Produce (Doc. 11) is **DENIED**.

**IT IS SO ORDERED**.

Dated this 13th day of June, 2017.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE

---

[2] *See Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

[3] *Id.*